UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORN ALLEN FREEMAN, | No. 2:21-cv-1982 KJM AC P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| HILL, WARDEN, | |
| Respondent. | |

    Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2005 Shasta County conviction for corporal injury and kidnaping. ECF No. 1 at 1. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    Before the court is respondent's motion to dismiss for untimeliness. ECF No. 12. Petitioner has opposed the motion, and respondent has filed a reply. ECF Nos. 14, 15.[1] For the reasons stated below, the undersigned will recommend that the petition be dismissed as an unauthorized second or successive petition, and that respondent's motion based on the statute of limitations be denied as moot.

////

---

[1] Petitioner also filed an unauthorized surreply. ECF No. 19.

1

I.     BACKGROUND

Petitioner was convicted in Shasta County in 2005 of corporal injury to a person with whom he had formerly cohabitated (Cal. Penal Code § 273.5) and kidnapping (Cal. Penal Code § 207). Lodged Doc. 1 (ECF No. 13-1) (abstract of judgment) at 1. Multiple enhancements related to multiple prior convictions (Cal. Penal Code § 1170.12) were found to be true. Id. Petitioner was sentenced to an indeterminate term of thirty years to life. Id.

Petitioner appealed, and the California Court of Appeal stayed the sentence on one count but otherwise affirmed the judgment. Lodged Doc. 2 (ECF No. 13-2). The California Supreme Court denied review on August 25, 2006. Lodged Doc. 4 (ECF Nos. 13-4).

Beginning in November 2006, petition filed at least fifteen habeas petitions in the California Courts. See ECF No. 13 (notice of lodging, providing index to state court record).[2]

On August 23, 2007, petitioner filed a habeas petition in this court. Freeman v. Evans, No. 07-cv-1898 LKK CHS ("Freeman I").[3] That petition challenged the same conviction at issue here, petitioner's 2005 conviction for corporal injury and kidnaping, on grounds of ineffective assistance of counsel and prosecutorial misconduct. Freeman I, ECF No. 1. The prosecutorial misconduct claim involved allegations of improper reliance on evidence gathered by Deputy Greg Dean, who had been indicted for manslaughter and fired from the Shasta County Sheriff's Department. Id. at 17. The petition was denied on the merits on September 29, 2009. Id., ECF No. 28 (order adopting findings and recommendations at ECF No. 24). Both this court and the Ninth Circuit denied certificates of appealability. Id., ECF Nos. 38, 43.

The petition in the instant case was docketed on October 26, 2021. It presents two claims involving the alleged suppression of exculpatory evidence. ECF No. 1. Claim One alleges in sum that the prosecutor failed to disclose exculpatory evidence—specifically evidence related to the criminal charges against former Deputy Sheriff Gregory Scott Dean—in violation of Brady v. Maryland, 373 U.S. 83 (1963). Id. at 14, 28-30. Claim Two further details the efforts that

---

[2] Because the undersigned does not reach issues related to the running and tolling of the statute of limitations, the state habeas chronology need not be detailed here.

[3] The undersigned takes judicial notice of the docket in Freeman I.

petitioner made to obtain evidence regarding Deputy Dean, efforts that continued into 2021. Id. at 7. Taken together, petitioner's allegations present a single claim for relief under Brady and an explanation why the claim is being brought so many years after the conviction at issue.

In response to the petition, respondent moved to dismiss on timeliness grounds. ECF No. 12. Respondent's motion does not mention Freeman I or the prohibition of successive petitions.

## II. LAW GOVERNING SUCCESSIVE PETITIONS

Under 28 U.S.C. § 2244(b)(3)(A), a second or successive application for habeas relief may not be filed in district court without prior authorization by the court of appeals. See Felker v. Turpin, 518 U.S. 651, 656-57 (1996). Prior authorization is a jurisdictional requisite. Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (once district court has recognized a petition as second or successive pursuant to § 2244(b), it lacks jurisdiction to consider the merits). A petition is successive within the meaning of 28 U.S.C. § 2244(b) where it "seeks to add a new ground for relief" or "if it attacks the federal court's previous resolution of a claim on the merits." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005). A prior habeas disposition is "on the merits" if the district court either considered and rejected the claims or determined that the underlying claim would not be considered by a federal court. See Howard v. Lewis, 905 F.2d 1318, 1322 (9th Cir. 1990). A habeas petition is second or successive when it raises claims that were or could have been adjudicated on the merits in the prior proceeding. Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008).

## III. DISCUSSION

Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings. Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). It is the obligation of the district court "to be alert to jurisdictional requirements." Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004). Because the court lacks jurisdiction over an unauthorized second or successive habeas petition, Burton, 549 U.S. at 152, this issue must be addressed prior to consideration of the non-jurisdictional issues presented by the pending motion

to dismiss.  See Wood v. Milyard, 566 U.S. 463, 474 (2012) (federal habeas statute of limitations is not jurisdictional but an affirmative defense).

The present action is plainly successive to Freeman I.  The two petitions attack the same conviction, and the instant petition amounts to an attempt to reopen or expand a prosecutorial misconduct claim that was rejected on the merits in the previous case.  See Freeman I, ECF No. 24 at 10-12 (findings and recommendations discussing prosecutorial misconduct claim and allegations regarding former deputy Dean).  "[A] 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction."  Gonzalez, 545 U.S. at 530. Despite minor variations of facts and arguments, the underlying basis for relief asserted in both cases is the same: prosecutorial misconduct and/or violation of petitioner's due process rights in relation to Deputy Dean's involvement in the investigation of petitioner's crimes and the prosecution's reliance on the fruits of that investigation.  Accordingly, the claims in the two cases are the same for purposes of the successiveness rule, despite any variations in pleading or evidence.  The statute requires dismissal under these circumstances.  See § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.").

In the current habeas petition and in his opposition to the motion to dismiss for untimeliness, petitioner argues in essence that he only discovered the factual basis for the present petition in 2021 after years of efforts to gather the necessary evidence.  Like the federal habeas statute of limitations, the bar on successive petitions incudes an exception for claims that are based on a factual predicate previously unavailable through the exercise of due diligence.  28 U.S.C. § 2244(b)(2)(B)(i) (second or successive petitions); cf. § 2244(d)(1)(D) (statute of limitations).  This exception, however, is only available where a claim presented in a second or successive petition was *not* presented in the prior application.  § 2244(b)(2).

Here, the core of operative facts underlying the instant petition—that former deputy Dean, who was involved in the initial investigation into petitioner's crimes, had been fired and criminally charged for involvement in an in-custody death—is neither new nor newly discovered. The core facts were known before petitioner's conviction, because Dean was fired before the trial

1 and his status as a potential witness was addressed in the trial court.[4]  Petitioner's diligence in
2 gathering additional information since his trial, and since his first federal habeas petition was
3 denied, is immaterial under § 2244(b)(2)(B)(i) because the newly discovered information
4 amounts at most to additional evidentiary detail.  It is not the predicate of a new claim for relief
5 that was previously unavailable.

6 The other statutory exceptions to the bar on second and successive petitions are patently
7 inapplicable.  Petitioner's claims, even if they had not been included in the prior petition, do not
8 rely on any new rule of constitutional law that was previously unavailable to petitioner and has
9 been declared retroactive by the U.S. Supreme Court.  See 28 U.S.C. § 2244(b)(2)(A).  Nor do
10 they arise from facts which would, if proven, affirmatively demonstrate petitioner's actual
11 innocence of his commitment offense.  § 2244(b)(2)(B)(ii).

12 For all these reasons, the present petition is a second or successive habeas petition within
13 the meaning of §2244(b).  Accordingly, it can be considered in the district court only if the Court
14 of Appeals has authorized the filing.  § 2244(b)(3); Felker, 518 U.S. at 656-57.  There has been
15 no such authorization.  This court therefore lacks jurisdiction, and the case must be dismissed.
16 Burton, 549 U.S. at 152; Cooper, 274 F.3d at 1274.

17 VI.   PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT
18 The magistrate judge is recommending that your habeas petition be dismissed as second or
19 successive.  You filed a habeas petition in this court in 2007, which was denied on the merits.
20 Before filing another petition attacking the same conviction, you need to get authorization from
21 the Court of Appeal for the Ninth Circuit.  Because you did not do so, the district court lacks
22 jurisdiction to consider the issues you have raised.

23 CONCLUSION
24 For all the reasons explained above, IT IS HEREBY RECOMMENDED that:
25 1.  Respondent's motion to dismiss (ECF No. 12) be DENIED AS MOOT;

---

[4] The prosecution did not call him to testify.  It was the defense that wanted to present Dean as a witness, in order to attack the accuracy of his reports, but counsel was unsuccessful in serving him with a subpoena.  See Freeman I, ECF No. 24 (findings and recommendations) at 11-12.

    2.  The petition be DISMISSED as an unauthorized second or successive petition, pursuant to 28 U.S.C. § 2244(b); and

    3.  The court DECLINE to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  See 28 U.S.C. § 2253(c)(2).  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 30, 2023

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE